CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 23 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THEODORE WASHINGTON,   )<br>    Plaintiff,   ) | Civil Action No. 7:13cv00276 |
| )<br>v.   )<br>) | **MEMORANDUM OPINION** |
| HEALTH CARE PROVIDERS FOR   )<br>VA. DEPT. OF CORRECTIONS, et al.,   )<br>    Defendants.   ) | By: Samuel G. Wilson<br>United States District Judge |

Theodore Washington, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against unspecified health care providers for the Virginia Department of Corrections ("VDOC"), Warden Carl Manis, Director Harold Clarke, and the VDOC. Washington claims that defendants denied him adequate medical treatment for his hand. The court finds that Washington's complaint fails to state a plausible claim to relief, and, therefore, dismisses his action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

I.

At all times pertinent to this lawsuit, Washington was housed at Powhatan Correctional Center ("Powhatan") or Greenrock Correctional Center ("Greenrock"). Washington claims that an unidentified surgeon told him he must have surgery to repair damage to his right hand by no later than March 2, 2012. Beginning February 22, 2012, Washington alleges he repeatedly informed the medical staff at Powhatan, and then upon his transfer, at Greenrock, about his condition and need for surgery. Washington alleges that, despite his efforts, the medical staff at Powhatan and Greenrock denied him the necessary hand surgery. Washington claims that the deliberate indifference of medical and health care providers within the VDOC have caused "permanent, irreversible damage." (Comp. 6, ECF No. 1.) Washington also states that the "institutional doctor" at Greenrock refused to provide him with pain medication. However,

Washington does not specifically identify any of the doctors or other health care providers he claims denied him adequate medical treatment.

In order to state a cause of action under § 1983, Washington must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42(1988). Washington has failed to state a claim against defendant "health care providers for the VDOC" because use of the term "health care providers," without the naming of specific health care providers, is not adequate to state a claim against a "person" as required in § 1983 actions. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Therefore, the court will dismiss health care providers for the VDOC as a party defendant in this case.[1]

## II

It further appears that Washington is suing Warden Manis and Harold Clarke solely because of their supervisory positions. A medical treatment claim cannot be brought against a supervisor absent an allegation that he was personally connected with the denial of the medical treatment.[2] Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). To demonstrate supervisory

---

[1] Similarly, as the VDOC is not a "person" subject to suit under § 1983, Washington cannot maintain his action against this defendant. See Will, 491 U.S. at 68; McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. 1992).

[2] The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eight Amendment cruel-and-unusual-punishment claim, a prisoner must prove two things: "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The objective component is satisfied by proving a serious medical condition. Id. The subjective component is satisfied by showing a prison official's deliberate indifference. Id. Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. Id.; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be

liability, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Here, Washington fails to show that Warden Manis and Director Clarke were personally involved in his treatment. Therefore, the court dismisses the claims against these defendants from this suit pursuant to 28 U.S.C. § 1915A(b)(1).

### III.

In accordance with the memorandum opinion entered on this day, the court dismisses Washington's complaint without prejudice.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 23rd day of July, 2013.

_____
United States District Judge

---

intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). In this respect, the right to medical treatment is limited to that treatment that is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).